UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**KECITE RENEE SMITH**                                    **CIVIL ACTION**

**VERSUS**                                                **NO. 24-2104**

**MAILROOM DEPUTY ATKINS, ET AL.**                        **SECTION: "J"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Kecite Renee Smith, a state pretrial detainee, filed this *pro se* federal civil action pursuant to 42 U.S.C. § 1983. She asserted claims against the following defendants: Deputy Atkins; Deputy King; Sergeant Mizzel; Officer Fonitno; Corporal Vanhaulen; Jacquelan Davenport; and the Twenty-Second Judicial District Courthouse.

Federal law requires that this matter be screened. For example, with respect to actions, such as this one, which are filed *in forma pauperis*, federal law mandates:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
> (i)   is frivolous or malicious;
> (ii)  fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In addition, because plaintiff is incarcerated, screening is also required by 28 U.S.C. § 1915A. That statute mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, the statute similarly provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

A claim is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).  When making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

---

[1] "As used in this section, the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

For the following reasons, even when plaintiff's complaint is liberally construed,[2] her federal civil rights claims should be dismissed as frivolous and/or failing to state a claim on which relief may be granted.

As noted, plaintiff brought this lawsuit pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. Accordingly, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### Claims Against Deputies Atkins and King

Plaintiff alleges that, on two occasions, Deputies Atkins and King failed to give her complete forms for filing a lawsuit pursuant to 42 U.S.C. § 1983 or for requesting pauper status.[3] She further alleges that, as a result, the "Clerk's Office of the United States District Court had to send me a pauper Form and a front page of the 42 USC 1983 Form …."[4]

Those allegations implicate the right of access to the courts. Inmates clearly have a constitutional right of access to the courts, and that right extends to pretrial detainees. See United

---

[2] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).
[3] Rec. Doc. 4, pp. 5-8.
[4] Id. at p. 7.

3

States v. Moya-Gomez, 860 F.2d 706, 743 (7th Cir. 1988); Wetzel v. Strain, Civ. Action No. 09-7048, 2010 WL 744993, at *3 (E.D. La. Feb. 26, 2010); Kirkpatrick v. Daugherty, Civil Action No. 6:05cv461, 2006 WL 2401108, at *4 (E.D. Tex. Aug. 17, 2006). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to apply further than the ability of an inmate to prepare and transmit a necessary legal document to a court." Brewer v. Wilkinson, 3 F.3d 816, 820 (5th Cir. 1993) (footnote omitted). For the following reasons, that limited right obviously has not been violated here.

As an initial matter, the Court notes that it can hardly be said that plaintiff's ability to exercise her right of access to the courts has been unduly impeded. On the contrary, the records of this Court reflect that she filed **seven** § 1983 lawsuits between July and August 2024.[5] That fact, in and of itself, seriously undercuts any suggestion that her ability to seek judicial relief has been curtailed.

Secondly, and more specifically concerning her instant allegations, plaintiff suffered no prejudice from the defendants' purported actions. That alone is fatal to her access-to-courts claims, because such a claim is cognizable **only** if the alleged deprivation resulted in actual prejudice to her in her litigation. See, e.g., Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) ("[A]n inmate alleging denial of access to the courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct."); Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998) ("[B]efore a prisoner may prevail on a claim that his constitutional right of access to the courts was violated, he must demonstrate that

---

[5] In addition to the instant lawsuit, she also filed: Smith v. Spinks, Civ. Action No. 24-1891; Smith v. Davenport, Civ. Action No. 24-1892; Smith v. Davenport, Civ. Action No. 24-1997; Smith v. Fonitno, Civ. Action No. 24-1998; Smith v. Davenport, Civ. Action No. 24-2073; and Smith v. Davenport, Civ. Action No. 24-2149.

his position as a litigant was prejudiced by his denial of access to the courts." (quotation marks omitted)); Walker v. Navarro County Jail, 4 F.3d 410, 413 (5th Cir. 1993).

Here, as plaintiff herself has acknowledged, on the two occasions that the defendants allegedly failed to provide her with complete forms, she was nevertheless still able to file suit after the missing forms or pages were provided to her by the Clerk of this Court.  Accordingly, she suffered no prejudice as a result of the defendants' actions, and so her access-to-courts claims should be dismissed. See Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) (although inmate was denied forms by jail officials, he was not prejudiced, and therefore not denied access to the courts, because he could pursue relief in a timely manner after obtaining the forms directly from the court); see also Petty v. Kelly, No. 02-41231, 2003 WL 21756716, at *1 (5th Cir. June 24, 2003) (finding no access-to-courts violation where inmate "was able to file the complaint that he sought to file").

For these reasons, plaintiff's claims against Deputies Atkins and King should be dismissed.

### Claims Against Sergeant Mizzel

Plaintiff alleges that Sergeant Mizzel allowed inmate Jacquelan Davenport to serve as a trustee delivering meals and commissary orders to plaintiff and other inmates.[6]  Plaintiff further alleges that "Davenport have a Prea charge on me,"[7] and she opines:  "I feel like that is not fair to still allow her to be in contact with me knowing that she placed a prea on me and the officers here at St. Tammany Parish Jail is allowing it!"[8]  However, whether Davenport has been granted trustee status simply is not plaintiff's concern.  Moreover, plaintiff has failed to allege any cognizable harm she suffered as a result of Mizzel's act of allowing Davenport to deliver meals and

---

[6] Rec. Doc. 4, p. 8.
[7] Id.  PREA is an acronym for the Prison Rape Elimination Act.  See 34 U.S.C. §§ 30301-09.
[8] Rec. Doc. 4, p. 8.

commissary orders to plaintiff and other inmates. Therefore, the claim against Sergeant Mizzel should be dismissed.

### Claims Against Officer Fonitno and Corporal Vanhaulen

Plaintiff alleges that, on August 16, 2024, Officer Fonitno refused to provide her with another food tray after she reported that her food "tasted spoiled."[9] She further alleges that, on that occasion, Fonitno "had a very bad attitude," "holler[ed]" at her, and "just really wasn't quiet [sic] professional."[10] Plaintiff also complains that Fonitno improperly allows an inmate named "Maddy" to work as a trustee,[11] and she suspects that Maddy "is doing something to my food."[12] Plaintiff similarly complains that Fonitno allows inmate Jacquelan Davenport and unspecified other inmates to "do as they please, especially Frantinizing [sic] and coming in contact still with me and allowing them to do things to my food …."[13] Lastly, plaintiff complains that Fonitno used excessive force against inmate Johnice Tolyer and other unspecified inmates.[14]

With respect to the foregoing allegations, plaintiff also names Corporal Vanhaulen as a defendant, noting that Vanhaulen is a supervisor on Fonitno's shift and allows Fonitno to behave in this manner.[15]

Plaintiff's allegation that Fonitno refused to provide a replacement meal on one occasion, even if true, simply does not rise to the level of a constitutional violation. As was explained in another case in which a pretrial detainee complained of being deprived of a single meal:

> The Constitution requires that inmates be provided well-balanced meals with sufficient nutritional value to preserve health. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999). However, the deprivation of food does not violate the constitution unless "it denies a prisoner the minimal civilized measures of life's

---

[9] Id. at p. 9.
[10] Id.
[11] Id. at pp. 9-10.
[12] Id. at p. 10.
[13] Id.
[14] Id. at pp. 11-14.
[15] Id. at p. 14.

6

> necessities." Berry, 192 F.3d at 707 (quotation and citation omitted). It is well settled that an inmate's constitutional rights are not violated if he misses one or even an occasional meal. Coleman v. Platt, 558 F. App'x 493, 494 (5th Cir. Mar. 21, 2014) (plaintiff's claim that he missed only one meal did not rise to the level of a cognizable constitutional injury) (citing Berry, 192 F.3d at 507, and Palmer v. Johnson, 193 F.3d 346, 352 (5th Cir. 1999)); Talib [v. Gilley], 138 F.3d [211,] 214 n.3 ([5th Cir. 1998]) ("Missing a mere one of out every nine meals is hardly more than missed by many working citizens over the same period"). Even on a regular, permanent basis, having only two rather than three meals a day may be constitutionally adequate. Green v. Ferrell, 801 F.2d 765, 770-71 (5th Cir. 1986). [Plaintiff's] claim that he missed a meal is frivolous and fails to state a claim for which relief can be granted.

Aucoin v. Terrebonne Parish Sheriff's Office, Civ. Action No. 21-110, 2021 WL 2080212, at *11 (E.D. La. Apr. 27, 2021), adopted, 2021 WL 2075405 (E.D. La. May 24, 2021), aff'd, No. 21-30322, 2022 WL 16657429 (5th Cir. Nov. 3, 2022).

Likewise, even if, as alleged, Fonitno has a "bad attitude," is unprofessional, or yells on occasion, that, too, does not cross a constitutional line. See, e.g., Naquin v. Jack, Civ. Action No. 20-458, 2020 WL 8675909, at *12 (E.D. La. July 16, 2020) ("[P]laintiff cannot premise his § 1983 claim on alleged rude or disrespectful comments by prison personnel."), adopted, 2021 WL 780750 (E.D. La. Mar. 1, 2021). While it is unseemly for jail officials to taunt or otherwise verbally abuse inmates who have little or no ability to respond without subjecting themselves to a disciplinary action (or worse), purely verbal abuse simply does not run afoul of any federal constitutional protection. See, e.g., Orange v. Ellis, 348 F. App'x 69, 72 (5th Cir. 2009) ("[C]laims of verbal harassment do not reveal a constitutional violation. Mere words are not sufficient to support a Section 1983 claim." (citation omitted)); Bender v. Brumley, 1 F.3d 271, 274 n.4 (5th Cir. 1993) ("Mere allegations of verbal abuse do not present actionable claims under § 1983."); Moody v. Lee, Civ. Action No. 13-2745, 2014 WL 107944, at *5 (W.D. La. Jan. 9, 2014) ("[V]erbal threats or taunts, without more, do not support a claimed constitutional violation. Allegations of mere verbal abuse by prison guards simply do not give rise to a cause of action

7

under § 1983. Plaintiff's claim to the contrary ... lacks an arguable basis in law and fact and must ... be dismissed as frivolous." (citations omitted)).

To the extent that plaintiff is complaining that Fonitno allows Maddy to serve as a jail trustee and allows other inmates to "do as they please," the manner in which Fonitno performs his duties with respect to **other** inmates is, once again, not plaintiff's concern. And that remains true despite plaintiff's suggestion that Fonitno's purportedly lackadaisical attitude toward maintaining order has resulted in the other inmates being able to tamper with her food, because that allegation of tampering is nothing more than mere suspicion and speculation which, alone, are insufficient to support a plausible claim. See, e.g., United States ex rel. Steury v. Cardinal Health, Inc., 625 F.3d 262, 266 (5th Cir. 2010) (to state a claim, "[t]he plaintiff's factual allegations must support a claim to relief that is plausible on its face and rises above mere speculation").

Lastly, to the extent that plaintiff is alleging that Fonitno used excessive force against **other** inmates, she does not have standing to assert a claim on behalf of another inmate. See, e.g., Gregory v. McKennon, 430 F. App'x 306, 310 (5th Cir. 2011); Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, at *4 (E.D. La. Feb. 22, 2010); Diggs v. Nelson Coleman Corr. Ctr., Civ. Action No. 10-97, 2010 WL 1038229, at *7 (E.D. La. Feb. 17, 2010), adopted, 2010 WL 1038230 (E.D. La. Mar. 17, 2010); Scheanette v. Riggins, No. Civ. A. 9:05CV34, 2006 WL 722212, at *9 (E.D. Tex. Mar. 15, 2006).

As to Corporal Vanhaulen, plaintiff is suing him solely because Vanhaulen is a supervisor on Fonitno's shift and allows Fonitno to behave in the foregoing manner. That is not actionable for two reasons.

First, to the extent that plaintiff is suing Vanhaulen based merely on his supervisory position, that is not allowed in a § 1983 action. "It is black-letter law … that § 1983 does not

8

create *respondeat superior* liability." McNeal v. LeBlanc, 90 F.4th 425, 431 (5th Cir. 2024); accord Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) ("In a § 1983 suit ... – where masters do not answer for the torts of their servants – the term 'supervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987) ("Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability.").

Second, even if plaintiff's complaint is broadly construed as asserting a failure-to-intervene/bystander liability claim against Vanhaulen based on his purported inaction,[16] that, too, fails because, as already noted, plaintiff has not stated a plausible underlying claim against Fonitno. Without an underlying violation by Fonitno, there is simply no basis for such a claim against Vanhaulen. See, e.g., Espinal v. City of Houston, 96 F.4th 741, 745 n.4 (5th Cir. 2024) ("[B]ystander liability would be predicated on an underlying constitutional violation. Because we conclude [plaintiff] has failed to allege any violation of his constitutional rights by anyone, his bystander claims … necessarily fail." (citation omitted)); Reynolds v. Wood County, No. 22-

---

[16] Regarding such claims, the United States Fifth Circuit Court of Appeals has held:

> "An officer is liable for failure to intervene when that officer: (1) knew a fellow officer was violating an individual's constitutional rights, (2) was present at the scene of the constitutional violation, (3) had a reasonable opportunity to prevent the harm but nevertheless, (4) chose not to act." Joseph [*ex rel.* Estate of Joseph v. Bartlett], 981 F.3d [319,] 343 [5th Cir. 2020)]. We have held that officers have a reasonable opportunity to intervene if they are present at the scene and that they violate their duty to intervene if their conduct demonstrates they acquiesced to the unconstitutional conduct engaged in by others. Hale v. Townley, 45 F.3d 914, 919 (5th Cir. 1995). Hale is clearly established law that provides fair notice to officers of their duty to intervene, rather than to acquiesce, in the unconstitutional conduct of others. See Timpa [ v. Dillard], 20 F.4th [1020,] 1039 [(5th Cir. 2021)] (applying Hale to bystander claims).

Austin v. City of Pasadena, 74 F.4th 312, 331 (5th Cir. 2023).

40381, 2023 WL 3175467, at *4 (5th Cir. May 1, 2023); Cano v. Faust, No. 22-20189, 2023 WL 2521869, at *2 (5th Cir. Mar. 14, 2023).

For all of these reasons, plaintiff's claims against Officer Fonitno and Corporal Vanhaulen should be dismissed.

### Claims Against Jacquelan Davenport

Plaintiff has also separately named Jacquelan Davenport, one of the inmates referenced *supra*, as a defendant in this civil action. However, an inmate is not a proper defendant in a § 1983 action. On the contrary, "[n]umerous cases have held that an inmate is not a state actor or a person acting under the color of state law for purposes of stating a claim under § 1983." Goodell v. Anthony, 157 F. Supp. 2d 796, 801 (E.D. Mich. 2001); accord Naquin v. Jack, Civ. Action No. 20-548, 2020 WL 8675909, at *8 (E.D. La. July 16, 2020), adopted, 2021 WL 780750 (E.D. La. Mar. 1, 2021). That is true even with respect to inmates serving as jail trustees. See, e.g., Simon v. Larpenter, Civ. Action No. 20-1854, 2020 WL 9349528, at *6 (E.D. La. Nov. 10, 2020) ("Because Simon fails to allege facts establishing that the inmate trusty workers are state actors, his § 1983 claims against them have no basis in federal law, and are therefore frivolous."), adopted, 2021 WL 1614813 (E.D. La. Apr. 26, 2021).

Of course, it is true that a private individual, such as an inmate, can be held liable under § 1983 for engaging in a conspiracy with state actors. See Mills v. Criminal District Court # 3, 837 F.2d 677, 679 (5th Cir. 1988); see also Mowbray v. Cameron County, 274 F.3d 269, 278 (5th Cir. 2001) ("[I]t is possible, in limited circumstances, to allege a § 1983 conspiracy claim against a private actor...."). Here, however, plaintiff does not expressly allege that Davenport conspired with one or more jail officials to harm her. Further, even if plaintiff's complaint were broadly construed as containing an implicit allegation of that nature, her claim would still fail because

10

conclusory allegations of conspiracy simply will not suffice. Priester v. Lowndes County, 354 F.3d 414, 423 n.9 (5th Cir. 2004) ("The allegation of a conspiracy between private and state actors requires more than conclusory statements."); Lafleur v. City of Westwego, Civ. Action No. 10-363, 2011 WL 802612, at *4 (E.D. La. Feb. 28, 2011).

For these reasons, plaintiff's claims against Davenport should be dismissed.

### Claims Against the Twenty-Second Judicial District Courthouse

Lastly, making numerous allegations concerning the St. Tammany Parish criminal justice system,[17] plaintiff has named the Twenty-Second Judicial District Courthouse as a defendant. However, that is clearly improper, because "a courthouse is not a 'person' subject to suit under § 1983." Elmore v. Mecklenburg County Courthouse, Civ. Action No. 3:23-cv-00036, 2023 WL 5539023, at *2 (W.D.N.C. Aug. 28, 2023), aff'd, No. 23-6953, 2023 WL 8728588 (4th Cir. Dec. 19, 2023); accord Griffin v. Corporation Counsel, No. 22-CV-8521, 2022 WL 16926117, at *4 (S.D.N.Y. Nov. 14, 2022) ("The New York County Courthouse is not a 'person' within the meaning of Section 1983."); Smalls v. Maryland, No. 22-CV-01095, 2022 WL 16839044, at *3 (D. Md. Nov. 9, 2022) ("[T]he Prince George's County Circuit Courthouse is not a 'person' subject to suit under 42 U.S.C. § 1983 …."); Szpila v. Elliott, No. 21-2304, 2022 WL 1050508, at *2 (C.D. Ill. Apr. 7, 2022) ("Plaintiff cannot sue the Kankakee County Courthouse because it is a building and not a person capable of being sued pursuant to 42 U.S.C. § 1983."); Ladd v. Clarence Mitchell Courthouse, No. CV CCB-20-0491, 2020 WL 6322606, at *2 (D. Md. Oct. 28, 2020) (holding that a courthouse it is not subject to suit under § 1983 because "[i]nanimate objects such as buildings … do not act under color of state law and are not 'person[s]' subject to suit under § 1983").

---

[17] Re. Doc. 4, pp. 14-18.

Accordingly, plaintiff's claims against the Twenty-Second Judicial District Courthouse should be dismissed.

Furthermore, it is unnecessary to allow plaintiff an opportunity to amend her complaint to name another defendant with respect to her underlying allegations, because a proper defendant simply does not exist for the following reasons.

For example, plaintiff cannot sue the Louisiana Twenty-Second Judicial District Court itself, because a state court likewise is not a "person" or a juridical entity capable of being sued under 42 U.S.C. § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("[S]tate courts are not considered 'persons' within the meaning of § 1983."), aff'd, 537 F.2d 1141 (5th Cir. 1976); Dunn v. Louisiana, Civ. Action No. 10-4519, 2011 WL 446651, at *3 (E.D. La. Jan. 20, 2011), adopted, 2011 WL 445684 (E.D. La. Feb. 3, 2011); Thompson v. St. Bernard Parish Court, Civ. Action No. 09-4465, 2010 WL 110797, at *3 (E.D. La. Jan. 11, 2010); Stewart v. Criminal District Court of Louisiana, Civ. Action No. 08-3731, 2008 WL 4758610, at *2 (E.D. La. Oct. 30, 2008); Knight v. Guste, Civ. Action No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007).

She also cannot sue the individual judges of that court for their judicial actions, because "judicial officers enjoy absolute immunity from liability for damages for acts performed in the exercise of their judicial functions." Krueger v. Reimer, 66 F.3d 75, 77 (5th Cir. 1995); accord Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871) ("[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981) ("[W]e can envision no situation – where a judge

acts after he is approached *qua* judge by parties to a case – that could possibly spawn a successful § 1983 suit.").

Similarly, she cannot sue the prosecutors, because they, too, are absolutely immune for the actions they take as advocates for the state. The United States Fifth Circuit Court of Appeals has explained:

> A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as advocate for the state in the courts, or when her conduct is intimately associated with the judicial phase of the criminal process. …
> … Our decisions applying those of the Supreme Court make clear that prosecutors enjoy absolute immunity for acts taken to initiate prosecution, and that this absolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently.

Loupe v. O'Bannon, 824 F.3d 534, 539 (5th Cir. 2016) (citations, quotation marks, and brackets omitted).

It must also be noted that such absolute prosecutorial immunity is sweepingly broad. "[T]he Fifth Circuit has held prosecutors absolutely immune for actions ranging from withholding exculpatory evidence, disobeying discovery orders, and fabricating evidence, to charging without probable cause pursuant to a constitutionally deficient indictment, and committing prosecutorial misconduct." Willis v. Bastrop County, No. A-18-CV-0093, 2019 WL 252051, at *5 (W.D. La. Jan. 17, 2019) (citing Green v. Texas Government, 704 F. App'x 386, 386-87 (5th Cir. 2017)), adopted, 2019 WL 2572538 (W.D. Tex. Feb. 11, 2019). Accordingly, where a plaintiff is challenging a prosecutor's actions "intimately associated with the judicial phase of the criminal process," her claims must fail because the prosecutor's actions are ones to which "absolute immunity appl[ies] with full force." Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

And although plaintiff makes allegations even against the public defenders, they cannot be held liable under § 1983, because "a public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); accord Hudson v. Hughes, 98 F.3d 868, 873 (5th Cir. 1996) ("Hudson's claims against Hughes for ineffective assistance is not cognizable in this section 1983 action because his attorney is not a state actor."); see also O'Brien v. Colbath, 465 F.2d 358, 359 (5th Cir. 1972) ("[I]n our opinion [§ 1983] was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys.").

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 4th day of October, 2024.

_Janis Van Meerveld_
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**